IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA            )
                                    )          Criminal Action No. 7:19-cr-00039
        v.                          )
                                    )          By:  Elizabeth K. Dillon
THOMAS JAVION GUERRANT              )               United States District Judge

**MEMORANDUM OPINION AND ORDER**

Defendant Thomas Javion Guerrant has filed a pro se letter motion in which he asks about the "impact, if any," on his career offender status of: (1) "President Biden's decisions to pardon several thousands [sic] federal marijuana convictions"; and (2) the fact that Virginia has "decriminalized marijuana." (Mot. to Reduce Sent. 1–2, Dkt. No. 72.)[1]  He also requests that the court "reevaluate [his] case for a possible sentence reduction" based on these same developments. (*Id.* at 3.)

The court construed the motion as a motion for reduction in sentence seeking compassionate release and directed the parties to respond. (Dkt. No. 73.)  The Federal Public Defender opted not to supplement the pleading (Dkt. No. 76), and the United States opposes any relief. (Dkt. No. 77.)  After the briefing was complete, Guerrant sent a letter to the court, which has been docketed as a pro se memorandum in further support of his motion. (Dkt. No. 78.)  In it, he expresses dissatisfaction with the attorney who was appointed to assist him. (*See generally id.*)  His letter also states that "if [the court is making] this a compassionate release matter then the way the motion is put in is not the way I [want to] go about it." (*Id.* at 1.)  The court is unsure whether he means that he does *not* want his original motion construed as a compassionate release motion or whether he wants the court to consider, as part of the compassionate release

---

[1]  To the extent Guerrant is asking for legal advice, the court may give none.  That is not the court's role.

motion, the information in his letter.  The court construes his letter as a supplement to his compassionate release motion.

His filing includes general statements that he has health problems, including high blood pressure, high cholesterol, and "serious breathing problems."  (*Id.* at 1.)  He states that his mother is also experiencing major health issues.  He expresses that he has a job lined up after his release and that he wants to be able to spend quality time with his aging mother.  (*Id.* at 2.)  He says he is asking for "a second chance at life," and he also requests legal counsel that will work in his best interest.

For the reasons discussed herein, his motion (Dkt. No. 22) will be denied without prejudice.

## I.  BACKGROUND

Guerrant was sentenced by this court on July 6, 2020, to a total term of imprisonment of 120 months, to be followed by a three-year term of supervised release, as well as a special assessment of $125 and a $100 fine.  (Dkt. No. 57 (Sentencing Hrg. Minutes).)  A final criminal judgment was entered thereafter (Dkt. No. 58).

Guerrant appealed.  On appeal, he argued that his prior conviction for violation of Virginia Code § 18.2-248.1 (2018), a conviction for possession with intent to distribute marijuana, did not qualify as a predicate controlled substance offense and that he was erroneously sentenced as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  (Dkt. No. 67.) The Fourth Circuit affirmed in a per curiam opinion, expressly rejecting his arguments about his prior conviction for possession of marijuana with intent to distribute.  (*Id.*.)  Guerrant then filed a petition for writ of certiorari, which the Supreme Court denied on January 10, 2022.  (Dkt. No. 71.)  He filed his motion to reduce sentence almost a year later.

## II.  DISCUSSION

### A.  Requests For Relief Based on Pardons to Federal Marijuana Offenders and Based on Decriminalization of Marijuana in Virginia

First of all, to the extent that Guerrant is seeking changes to his sentence based on changes to marijuana laws or the pardons he references, he is not entitled to relief.  As the United States notes, the presidential pardon to which Guerrant refers was for federal offenders charged with simple possession of marijuana.  Guerrant's prior conviction was a state charge for distribution of marijuana, so he does not fall within the scope of the pardon.  As for any changes to his sentence based on changes to Virginia laws decriminalizing marijuana, the Fourth Circuit has already held that his conviction is a proper predicate for the career offender statute.  That holding is binding on the court, and Guerrant has not cited to anything to call that decision into question.

### B.  Request for Compassionate Release

To the extent that Guerrant's recent letter memorandum seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), on compassionate release grounds, the court concludes he is not entitled to that relief, and it will deny his motion without prejudice.  As noted, he appears to be seeking relief on the grounds that he has some health conditions and because his mother is aging and having health issues, as well.

Consistent with 18 U.S.C. § 3582(c) and the amendments to the Sentencing Guidelines, effective November 1, 2023, there are limited circumstances in which this court could reduce Guerrant's sentence.  The statute authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

3

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Nothing in Guerrant's motion indicates that he has addressed administrative remedies, which he must do before bringing such a motion.  The exhaustion requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and *either* fully exhausts all administrative rights to appeal the Bureau's decision *or* waits 30 days from the date of their initial request to file a motion in the district court."  *United States v. Muhammad*, 16 F. 4th 126, 131 (4th Cir. 2021).  Although a failure to exhaust can be waived by the United States, Guerrant provides no information suggesting he even has attempted to exhaust.

Additionally, the grounds he has cited, especially with the lack of detail, are not "extraordinary and compelling reasons that warrant a reduction in his sentence.  The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. *See* U.S.S.G. § 3E1.1 (Nov. 2023).  The revised guidelines will be applied to Guerrant's arguments.

4

### A. Medical Circumstances

A defendant may show an extraordinary and compelling reason for a sentence reduction based on medical circumstances when he can demonstrate the following:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>> (i) suffering from a serious physical or medical condition,
>> (ii) suffering from a serious functional or cognitive impairment, or
>> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(A)–(C).  Guerrant lists several ailments and conditions which are troublesome to him, but he provides no details or facts to show that any of them rise to the level of "a serious physical or medical condition" or cause "a serious functional or cognitive impairment," as contemplated by the guidelines.  Thus, the court does not find that they constitute an "extraordinary and compelling" reason for relief.

Guerrant next seeks relief on the grounds that he wants to spend more time with his aging mother, and that she has medical issues, as well.  Under the revised guidelines, a defendant may be able to show an extraordinary and compelling reason for a sentence reduction upon producing

evidence that the defendant's parent is incapacitated and the defendant would be the only available caregiver for the parent.  U.S.S.G. § 1B1.13(b)(3)(C) (Nov. 2023).  Guerrant makes no allegation as to either of those prongs (incapacitation or the need for him to serve as her caretaker).  In fact, he refers to other family members who have access to her medical records and are presumably caring for her.  The mere fact that she is aging and unwell and he is unable to be with her outside of prison is not an extraordinary and compelling reason to reduce his sentence, either.

For these reasons, Guerrant's motion to reduce sentence (Dkt. No. 72) is DENIED WITHOUT PREJUDICE.  If he is able to first exhaust his administrative remedies and then provide additional information sufficient to constitute extraordinary and compelling circumstances, he may file a renewed motion for compassionate release at that time.

## III.  CONCLUSION

For the reasons stated, the court is unable to find that Guerrant has shown that he has an "extraordinary and compelling" reason that would entitle him to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[2]  Accordingly, the court DENIES Guerrant's motion to reduce his sentence (Dkt. No. 72).  The Clerk is DIRECTED to send a copy of this memorandum opinion

---

[2] Because the court finds that Guerrant has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors.  *See United States v. Malone*, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'")

6

and order directly to Guerrant and to all counsel of record.

Entered: January 5, 2024.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge